UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Martha Braxton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2021CV-2198 |
| v. | ) | |
| | ) | |
| Menard, Inc., | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

To: The United States District Court for the Northern District of Illinois.

Plaintiff's counsel: Breen Goril Law
111 W. Washington St, Suite 1500
Chicago, Illinois 60602
admin@breenlawchicago.com

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Menard, Inc. by and through its attorney, Kanav Bhatheja, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, hereby files this *Notice of Removal* of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this *Notice*, Defendant respectfully states as follows:

1. On March 12, 2021, Plaintiff Martha Braxton filed a *Complaint* in the Circuit Court of Cook County, Illinois with the case number 2021 L-002181. (*See* Exhibit A, Plaintiffs' *Complaint*.)

2. On March 26, 2021, Menard, Inc.'s registered agent was served with Plaintiffs' *Complaint* and *Summons*. (*See* Exhibit B, Notice of Service of Process.)

3. Plaintiff's *Complaint* alleges that on March 15, 2019, Plaintiff Martha Braxton was a customer at the Menard's store when "merchandise fell" on her. (*See* Exhibit A.)

Plaintiff's *Complaint* alleges, *inter alia*, that Menard, Inc. negligently failed to implement policies and procedures for the proper securement of merchandise, failed to inspect the premises, failed to maintain the premises, displayed the merchandise in an unsafe manner, and allowed its merchandise to remain in an unsafe manner. (*See* Exhibit A.) Plaintiff alleges that as a proximate result thereof, Plaintiff Martha Braxton was injured. (*See* Exhibit A.)

4. Plaintiff Martha Braxton is a citizen of the State of Illinois. (Exhibit A at ¶ 1).

5. Defendant Menard, Inc. is a corporation duly organized and existing under the laws of Wisconsin, with its principal place of business in the State of Wisconsin, at 5101 Menard Drive, Eau Claire, Wisconsin. As such, Defendant Menard, Inc. is a citizen of the State of Wisconsin.

6. Plaintiff's *Complaint* alleges a negligence cause of action on behalf of Plaintiff Martha Braxton, and demands judgment in an amount in excess of $50,000. (*See* Exhibit A.)

7. Plaintiff's *Complaint* alleges that Plaintiff Martha Braxton "sustained injuries of a personal, permanent, and pecuniary in nature." (*See* Exhibit A at ¶9.)

8. 28 U.S.C. § 1446 imposes a 30-day limitation upon a defendant to timely file a notice of removal. Therefore, the only information a defendant can generally rely upon is the allegations of a plaintiff's complaint. Allegations of serious injury in a plaintiff's complaint put a defendant on notice that the case is removable, and a subsequently filed notice of removal may be deemed untimely. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 942 (N.D. Ill. 2002); *see also Fultz v. Target Corp.*, 28 F. Supp. 3d 783, 784-85 (N.D. Ill. 2014).

9. A plaintiff's "over-$50,000 demand is totally at odds with any notion of a trivial occurrence or a trivial claim." *Fultz*, 28 F. Supp. 3d at 784-85. "In the real world, what

percentage of personal injury cases are viewed by plaintiffs or their lawyers as giving rise to a potential claim of more than $50,000, but less than $75,000?" *Id.*, at fn 4.

10. Where a plaintiff seeks damages of less than $75,000, the plaintiff may avoid removal to federal court simply by stipulating at the time of filing his Complaint that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest. *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). "If he doesn't make such a stipulation, the inference arises that he thinks his claim may be worth more." *Id*.

11. Where a plaintiff does not disavow a recovery in excess of the jurisdictional amount, the inference is that the plaintiff is seeking to recover an amount in excess of $75,000. *Skrzypek v. New York Life Insurance Company*, 2000 WL 28263, at *1 (N.D. Ill. Jan. 12, 2000).

12. "If a plaintiff does not stipulate to damages of $75,000 or less, the inference arises that [s]he thinks h[er] claim may be worth more." *Kincaid v. Menard, Inc.*, 2014 W.L. 1715503 at *2 (N.D. Ill. April 30, 2014), citing *Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 512 (7th Cir. 2006).

13. Removal is proper if the defendant's estimate of damages is plausible. *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). "In a removal action based on diversity jurisdiction, a defendant must demonstrate a 'reasonable probability' that the court has jurisdiction." *Gallo v. Homelife Consumer Products*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005), citing *Shaw v. Dow Brands, Inc*., 994 F.3d 364, 366 (7th Cir. 1993).

14. Plaintiff Martha Braxton demands judgment in an amount in excess of $50,000. (*See* Exhibit A.) Further, Plaintiff alleges permanent injuries. (*See* Exhibit A at ¶ 9.)

15. It appears to a reasonable probability that Plaintiff seeks damages exceeding $75,000, exclusive of interest and costs.

16. The United States District Court for the Northern District of Illinois has original jurisdiction over this matter under 28 U.S.C.§1332(a)(2)(c)(1), there being diversity between the citizenship of Plaintiff and that of Defendant Menard, Inc., and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

17. Therefore, this lawsuit is removable from state court to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C.§1441(a) and 28 U.S.C.§1332(a)(2)(c)(1).

18. Defendant's *Notice of Removal* is timely because it was filed within thirty days after the receipt by Defendant, through service, of the initial pleading setting forth the removable claims for relief. 28 U.S.C. § 1446(b).

19. Written notice of the filing of the *Notice of Removal* has been served on Plaintiffs through their counsel, as required by 28 U.S.C. §1446 (d).

20. A true copy of this *Notice of Removal* has been filed with the Circuit Court of Cook County, Illinois, as provided by 28 U.S.C. §1446 (a).

21. By filing this *Notice of Removal,* Defendant, Menard, Inc., does not waive any jurisdictional objections or any other defenses that are available.

WHEREFORE, Defendant, Menard, Inc., respectfully requests that this civil action be removed from the Circuit Court of Cook County, Illinois, and that this Court accept jurisdiction over this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully submitted,

/s/ Kanav Bhatheja_____
One of the Attorneys for Defendant
Menard, Inc.

Kanav Bhatheja
CREMER SPINA, SHAUGHNESSY JANSEN & SIEGERT LLC
One North Franklin, 10th Floor
Chicago, IL 60606
T: (312) 980-3004
F: (312) 980-3004
kbhatheja@cremerspina.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2021 the foregoing *Notice of Removal* was electronically filed with the Clerk of the Court using the CM/ECF system, mailed and emailed, automatically giving notice to:

Breen Goril Law
111 W. Washington St, Suite 1500
Chicago, Illinois 60602
admin@breenlawchicago.com

/s/ Kanav Bhatheja_____

4837-4477-4886, v. 3